O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-6245 ODW (CWx) | Date | December 10, 2009 |
|---|---|---|---|
| Title | *Daniel Sabaj, et al. v. Nobeltel LLC, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):**     **Order to Show Cause re Dismissal for Lack of Subject Matter Jurisdiction**

      Plaintiffs Daniel Sabaj, Pedro Jax, and Esperanza Quinonez (collectively, "Named Plaintiffs") bring this putative class action against Defendants Nobeltel LLC and Nobel, Inc. (collectively, "Defendants"), alleging violations of California's Business and Professions Code. Specifically, the putative class action complaint alleges claims for false advertising and unfair competition in violation Cal. Bus. & Prof. Code §§ 17200 and 17500, *et seq.* Plaintiffs assert that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA").

      CAFA vests federal district courts with "'original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which' the parties satisfy, among other requirements, minimal diversity." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006) (quoting section 1332(d)). The proponent may show minimal diversity by demonstrating that any class member is a citizen of a state different from any defendant, 28 U.S.C. § 1332(d)(2); thus, CAFA abandons the complete diversity rule for covered class actions. *Abrego Abrego*, 443 F.3d at 680; *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). The burden rests on the proponent of federal jurisdiction to establish minimum diversity. *Abrego Abrego*, 443 F.3d at 685-86; *Serrano*, 478 F.3d at 1021.

      Despite the requirement of only minimal diversity, however, CAFA contains safeguards that prevent litigants from flooding federal courts with class actions involving disputes between citizens of the forum state. One such safeguard, known as the "home-state controversy" exception, requires

district courts to decline to exercise jurisdiction "where two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Another safeguard, the "discretionary home-state controversy" permits district courts to decline to exercise jurisdiction over a class action "in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." *Id.* at § 1332 (d)(3). A combination of factors are considered when applying this discretionary exception. *See id.* at § 1332(d)(3)(A)-(F).

In this case, Named Plaintiffs summarily allege that jurisdiction is proper under CAFA because "at least one member of the putative class is a citizen of a State other than the citizenship of one of the Defendants, there are more than 100 class members, and the damages suffered and sought to be recovered herein total, in the aggregate, in excess of $5,000,000, exclusive of interest and costs." (Compl. ¶ 15.)

An initial review of Named Plaintiff's complaint, however, suggests that this lawsuit and its litigants are predominantly state-centered. As Plaintiff alleges, "Defendants' deceptive practices originate in, and emanate from, California." (Compl. ¶ 27.) As such, Named Plaintiffs, who are all citizens of California, are asserting California state law claims against Defendants who both are California corporations. (Compl. ¶¶ 5-9.) And though Named Plaintiffs broadly allege a nationwide class, they fail to allege, at minimum, the citizenship of any other purported class member who may be outside of California. This, and more, causes the Court to question the propriety of exercising jurisdiction over this case. Accordingly, Named Plaintiffs are **ordered to show cause in writing, and no later than December 23, 2009**, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff shall indicate the percentage of members of all proposed plaintiff classes who are citizens of California. *See* 28 U.S.C. §§ 1332(d)(3)-(d)(4). The Court expects Plaintiff's response to be supported by more than mere conclusory allegations.

Defendants' pending Motion to Dismiss [6], currently set for hearing on December 21, 2009, is hereby continued until further notice.

**IT IS SO ORDERED.**

|  | -- | : | 00 |
|---|---|---|---|
| Initials of Preparer | RGN |  |  |