O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6245 ODW (CWx) | Date | December 29, 2009 |
|---|---|---|---|
| Title | *Daniel Sabaj, et al. v. Nobeltel LLC, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):**   **Order for Supplemental Briefing re Subject Matter Jurisdiction**

Plaintiffs Daniel Sabaj, Pedro Jax, and Esperanza Quinonez (collectively, "Named Plaintiffs") bring this putative class action against Defendants Nobeltel LLC and Nobel, Inc. (collectively, "Defendants"), alleging violations of California's Business and Professions Code. Specifically, the putative class action complaint alleges claims for false advertising and unfair competition in violation Cal. Bus. & Prof. Code §§ 17200 and 17500, *et seq.* Plaintiffs assert that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA").

On December 10, 2009, the Court issued an Order to Show Cause re dismissal for lack of subject matter jurisdiction [21]. Therein, the Court noted:

> An initial review of Named Plaintiff's complaint . . . suggests that this lawsuit and its litigants are predominantly state-centered. As Plaintiff alleges, "Defendants' deceptive practices originate in, and emanate from, California." (Compl. ¶ 27.) As such, Named Plaintiffs, who are all citizens of California, are asserting California state law claims against Defendants who both are California corporations. (Compl. ¶¶ 5-9.) And though Named Plaintiffs broadly allege a nationwide class, they fail to allege, at minimum, the citizenship of any other purported class member who may be outside of California. This, and more, causes the Court to question the propriety of exercising jurisdiction over this case.

(Dec. 10, 2009 Order at 2.)

Citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) and *Perez v. Nidek Co. Ltd.*, __ F.Supp.2d __, 2009 WL 2776379, at *4 (S.D. Cal. 2009) in response to the Court's OSC, Plaintiffs insist they have met their minimal burden of asserting jurisdiction under CAFA and, to the extent more information is required in relation to any applicable CAFA exception, contend that burden rests with Defendants. Generally, Plaintiffs are correct.[1] In this case, however, regardless of what burden-bearing rule may apply, *the Court* questions whether this case falls within the home-state exception–whether mandatory or discretionary–to its CAFA jurisdiction. For that reason, in addition to those already addressed in the Court's prior OSC, the Court orders further briefing on the issue from both parties. Briefs are to be seven (7) pages or less, in addition to any supporting affidavits and evidence that may exist. They must be filed and served no later than the close of business on **January 29, 2010.** The Court is particularly interested in evidence that may shed light upon the percentage of class members who reside in California.[2]

Defendants' pending Motion to Dismiss [6] remains continued until further notice.

**IT IS SO ORDERED.**

|  | -- | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | RGN |  |

---

[1] In both *Serrano* and *Perez*, however, questions relating to the Court's jurisdiction were raised by the parties and not by the Court sua sponte.

[2] To that end, the Court is cognizant of Plaintiffs' position that such evidence lies exclusively with Defendants. Plaintiff is nevertheless expected to provide a good faith belief/estimate of the members comprising the putative class. Indeed, it is the Court's assumption that Plaintiffs, who brought this matter as a putative class action, have already sufficiently investigated who comprises the Plaintiff class so as to warrant the propriety of invoking the Court's CAFA jurisdiction.